## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL LUNDHOLM, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>       Defendant. | Case No.<br><br>Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul Lundholm ("Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, The Law Office of Christopher Q. Davis, PLLC, alleges upon knowledge, and information and belief, as follows:

### NATURE OF ACTION

1.      Plaintiff and the members the proposed collective and classes identified below (Plaintiff and the members of the proposed collective and classes are referred to collectively as "Plaintiff") are or were employed by Defendant CrossCountry Mortgage LLC ("CCM" or "Defendant"), which is headquartered at 2160 Superior Avenue, Cleveland, Ohio 44114, as "Loan Originators," "Loan Officers," "Senior Loan Officers," and in similar job titles (referred to herein as "Loan Salespeople").

2.      Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:12-56a *et seq.* and N.J.A.C. 12:56-5.1 *et seq.* ("NJWHL") by, among other things, maintaining a uniform

policy of knowingly misclassifying its Loan Salespeople as exempt from overtime, failing to pay them required minimum and overtime wages and paying them commission only. Plaintiff seeks to bring FLSA claims as a multi-state collective action under 29 U.S.C. § 216(b). Plaintiff Lundholm also brings claims as a statewide class action under the NJWHL pursuant to Fed. R. Civ. P. 23(b)(3).

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and because the parties are residents of different states.

4.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant is headquartered in this District, has significant business contacts within this District, and acts and omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

7.    Plaintiff Lundholm is an adult citizen of the State of New Jersey. Defendant employed Lundholm as a Loan Salesperson in Lyndhurst, New Jersey from April 4, 2022 through November 2, 2022. Throughout this period, Plaintiff Lundholm's primary job responsibility was

to sell residential mortgage loans to borrowers from his home office. To meet Defendant's productivity requirements, Plaintiff Lundholm often worked more than 40 hours per week. However, Defendant classified Plaintiff Lundholm as exempt from federal and state overtime requirements and paid him on a commission only basis, which resulted in payment below minimum wage in most workweeks and did not include overtime wages for hours worked beyond 40 in a week. Plaintiff Lundholm filed a Consent Form to join this litigation.

8.     Defendant CCM is a national mortgage bank that provides mortgage banking services to consumers in Ohio, New Jersey and other states across the country. Upon information and belief, CCM employed more than 2,600 Loan Salespeople in 2021. At all relevant times, CCM has been an "employer" as defined under the FLSA, as well as the laws of New Jersey.

## FACTUAL ALLEGATIONS

9.     Pursuant to CCM's common company-wide policies and procedures, all Loan Salespeople CCM employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside an office.

10.     Loan Salespeople were not primarily responsible for performing work directly related to the management of Defendant's general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendant's business operations and regularly and customarily performed their primary duty from inside either a CCM office or a home office.

11.     Throughout the relevant period, CCM unilaterally dictated and controlled the terms of employment for all Loan Salespeople, including the nature of their work, the compensation they received and their classification as employees exempt from federal and state overtime requirements.

12.     Throughout the relevant period, CCM also unilaterally dictated and controlled the common policies governing the employment of Loan Salespeople, including their productivity requirements, how they were compensated and whether their hours were tracked.

13.     Pursuant to CCM's common policies, CCM knowingly suffered or permitted Plaintiff and other Loan Salespeople to arrive early for work, stay late at work and perform work-related tasks on weekends.  As a result, Plaintiff and other Loan Salespeople worked over 40 hours in given workweeks.

14.     CCM did not make or maintain accurate, contemporaneous records of the actual time worked by Plaintiff or other Loan Salespeople.

15.     Pursuant to CCM's common policies, Plaintiff and other Loan Salespeople did not receive a weekly guaranteed salary of at least $455.00.  Instead, CCM paid Plaintiff and other Loan Salespeople on a commission-only basis.

16.     Under CCM's common policies, Plaintiff and other Loan Salespeople routinely worked hours for which they did not receive the applicable minimum wage.

17.     When CCM recruits experienced Loan Salespeople, like Plaintiff Lundholm, to leave competitors and accept employment with CCM, it offers them a payment characterized as a "Sign-On Bonus" and requires them to sign a "Sign-On Bonus Agreement." The Sign-On Bonus Agreement that CCM required Lundholm to sign is attached as Attachment A.

18.     The Sign-On Bonus Agreement characterizes the payment that CCM makes to the Loan Salesperson as an "unvested wage advance" and states:

> Employee will earn the advance in its entirety by remaining employed with the Company for 24 months following the Start Date.  **The Parties further agree that no portion of the advance shall be earned if Employee does not remain employed with Company for the full 24 months.** Stated differently, if Employee does not remain employed with Company for 2 years, Company may require

Employee to pay back the bonus in full pursuant to paragraph 3, below. Time of employment less than 24 months, including partial months of employment, does not reduce the repayment obligation under this Agreement.

(Paragraph 3(a)).

19.    Paragraph 3(b) of the Sign-On Bonus Agreement states:

<u>Consent to Offset</u>. By signing below, Employee expressly gives Company a lien against any wages, accrued vacation time, incentive compensation payments, bonuses and/or commissions due to Employee at time of termination. Employee agrees that Company may deduct, to the extent permitted by applicable law, the repayment amount due Company under this Agreement from any amounts due Employee at time of termination. Employee also agrees that any tax consequences borne because of repayment of the Bonus will be the sole and exclusive responsibility of Employee.

20.    Paragraph 10 of the Sign-On Bonus Agreement states:

Each party irrevocably waives its rights to trial by jury in any action or proceeding arising out of the Agreement.

21.    Paragraph 11 of the Sign-On Bonus Agreement states:

**<u>ATTORNEYS FEES</u>**. Employee agrees to pay all reasonable costs, expenses, interest, and legal fees incurred by the Company to enforce this Agreement

## **<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

22.    Plaintiff Lundholm brings this collective action for himself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid minimum wages, overtime compensation, liquidated damages and other relief related to Defendant CCM's violation of the FLSA.

23.    Plaintiff seek to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following FLSA Collective:

All people who worked as Loan Originators, Loan Officers, Senior Loan Officers, or similar positions for Defendant, its subsidiaries, or affiliated companies at any time during the maximum limitations period who were not paid at least the minimum wage required by federal law for all hours worked and/or who worked more than 40

hours in any week without receiving all overtime compensation required by federal law.

24.     Plaintiff is a member of the FLSA Collective defined above, because he was employed by Defendant as a Loan Salesperson during the relevant period and regularly worked hours for which he was not paid minimum wage and worked more than 40 hours in given workweeks without receiving any compensation for his overtime hours.

25.     Although Plaintiff and the FLSA Collective members may have worked in different offices, this action may be properly maintained on a collective basis because:

a.  Defendant employed all of the FLSA Collective members;

b.  All of the FLSA Collective members had the same or similar job duties, including the same primary job duty;

c.  None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendant or its customers;

d.  All of the FLSA Collective members performed their mortgage sales duties from inside an office;

e.  None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendant's business operations;

f.  Defendant classified all of the FLSA Collective members as exempt from federal overtime requirements;

g.  Plaintiff (including the FLSA Collective members) worked more than 40 hours in given workweeks;

h.  Defendant did not make or maintain accurate contemporaneous records of the

hours Plaintiff and the FLSA Collective members worked;

i. Defendant routinely failed pay Plaintiff and the FLSA Collective members the required minimum wage for the hours they worked;

j. Defendant maintained common payroll systems and policies with respect to Plaintiff and the FLSA Collective members;

k. Defendant required Plaintiff and the FLSA Collective members to sign agreements that include terms that are unenforceable under the FLSA; and

l. Defendant's labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue.

26. Plaintiff and other members of the FLSA Collective are similarly situated because, *inter alia*, they all had similar duties, including the same primary duty; they performed similar tasks; they were entitled under the FLSA to be paid minimum wage and overtime wages; they have been subjected to similar pay plans; they have been required to work and have worked in excess of forty (40) hours per week; and they have not been paid minimum and overtime premium wages for all hours they worked.

27. Defendant encouraged, permitted, and required Plaintiff and other members of the FLSA Collective to work more than 40 hours per week without overtime compensation.

28. Defendant encouraged, permitted, and required Plaintiff and other members of the FLSA Collective to work hours for which they were not paid minimum wages.

29. Defendant knew that Plaintiff and other members of the FLSA Collective performed work that required compensation for minimum wages and/or overtime. Nonetheless, Defendant operated under a scheme to deprive Plaintiff and other members of the FLSA Collective

of minimum wages, overtime, or both by failing to properly compensate them for all time worked.

30.     Defendant's conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and other members of the FLSA Collective.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff Lundholm brings this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following New Jersey Sub-Class:

> All people who worked as Loan Originators, Loan Officers, Senior Loan Officers, or similar positions for Defendant, its subsidiaries, or affiliated companies in the state of New Jersey at any time during the maximum limitations period who were not paid at least the minimum wage required by New Jersey law for all hours worked, or worked more than 40 hours in any week without receiving all overtime compensation required by New Jersey law, or were not paid the full amount of wages due to them at least twice during each calendar month, on regular paydays, and/or who were not issued accurate wage statements.

(hereafter "the New Jersey Class")

32.      Plaintiff Lundholm is a member of the New Jersey Class he seeks to represent because he is a resident of New Jersey, worked as a Loan Salesperson for Defendant in New Jersey during the relevant period, regularly worked more than 40 hours in given workweeks without receiving any overtime compensation, he did not receive wages over the minimum level required by New Jersey law for every hour he worked, he was not paid at least twice during each calendar month and he did not receive accurate wage statements.

33.     The members of the New Jersey Class are so numerous that their joinder would be impracticable.  Over the relevant period, Defendant employed at least 40 Loan Salespeople in New Jersey.

34.     There are material questions of law or fact common to the members of the New Jersey Class because, as discussed throughout this filing, Defendant engaged in a common course

of conduct that violated their right to minimum and overtime pay.  Any individual questions that may arise will be far less central to this litigation than the numerous common questions of law and fact, including:

    a.   Whether Defendant conducted any analysis of the duties of the members of the New Jersey Class before classifying them as exempt;

    b.   Whether the duties of the members of the New Jersey Class support their exempt status;

    c.   Whether the members of the New Jersey Class were paid minimum wage for all hours worked;

    d.   Whether the members of the New Jersey Class are entitled to receive overtime premium wages for working more than 40 hours in a week;

    e.   Whether the members of the New Jersey Class worked more than 40 hours in given workweeks;

    f.   Whether Defendant maintained accurate contemporaneous records of the time worked by the members of the New Jersey Class;

    g.   Whether Defendant paid members of the New Jersey Class at least twice during each calendar month; and

    h.   Whether Defendant provided accurate wage statements to members of the New Jersey Class.

35.    Plaintiff Lundholm's claims are typical of the claims belonging to the members of the New Jersey Class.  Plaintiff Lundholm is similarly-situated to members of the New Jersey Class because Defendant treated all members as exempt from New Jersey overtime requirements, subjected them to similar work and compensation policies, denied them minimum and overtime premium wages as required by New Jersey law, failed to pay them at least twice during each calendar month and failed to provide them with accurate wage statements.

36.     Plaintiff Lundholm will fairly and adequately assert and protect the interests of the absent members of the New Jersey Class because: there is no apparent conflict of interest between Plaintiff Lundholm and the absent members of the New Jersey Class; Counsel for Plaintiff Lundholm has successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Plaintiff Lundholm has adequate financial resources to assure the interests of the New Jersey Class members will not be harmed because their counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

37.     Allowing the members of the New Jersey Class as defined above to pursue their claims as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to all members of the New Jersey Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims. Given the material similarity of claims belonging to members of the New Jersey Class, even if the members of the New Jersey Class could afford to litigate a separate claim, this Court should not countenance or require the filing of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

**COUNT I**
**Violation of the FLSA**
**Failure to Pay Required Minimum Wages**
**(All FLSA Collective Action Members Nationwide)**

38.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

39.     Throughout the relevant period, Plaintiff and the FLSA Collective members were "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" and, so, were entitled to the to the minimum wage protections of the FLSA.  *See* 29 U.S.C. §§ 202, 206.

40.     FLSA Section 206(a)(1)(C) states that an employee must be paid a minimum wage of at least $7.25 per hour for every hour worked.

41.     As alleged herein, Defendant violated this provision of the FLSA through common, company-wide policies that caused Plaintiff and the FLSA Collective members to be paid on a commission-only basis.

42.     Under these common policies, if Plaintiff and the FLSA Collective members did not sell a new mortgage in a given period, which happened regularly, Defendant did not pay them any wages for that period, giving rise to a clear minimum wage violation.

43.     Defendant also violated the FLSA by failing to keep accurate contemporaneous records of all hours Plaintiff and the FLSA Collective members worked.

44.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

45.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1).  None of these exemptions apply to Plaintiff and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00

a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

46.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of wages above the required minimum level for work they performed.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.  Granting conditional certification on Plaintiff's FLSA minimum wage claim;

b.  Requiring Defendant to provide Plaintiff's counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

c.  Authorizing Plaintiff's counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

d.  Finding that Defendant willfully violated the FLSA by failing to pay required minimum wages to Plaintiff and the FLSA Collective members;

e.  Granting judgment in favor of Plaintiff and the FLSA Collective members on their FLSA minimum wage claim;

f.  Awarding Plaintiff and the FLSA Collective members all compensatory damages owed under the FLSA;

g.  Awarding liquidated damages to Plaintiff and the FLSA Collective members equal to their compensatory damages;

h.  Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

i.  Declaring that Defendant willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendant from continuing to violate the FLSA on this basis; and,

j.  Awarding any further relief the Court deems just, equitable and proper.

## COUNT II
### Violation of the FLSA
### Failure to Pay Required Overtime Wages
### (All FLSA Collective Action Members)

47.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

48.    FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

49.    As alleged herein, Defendant violated this provision of the FLSA through common, company-wide policies that improperly classified Plaintiff and the FLSA Collective members as exempt from federal overtime requirements.

50.    Under these common policies, although Plaintiff and the FLSA Collective members regularly worked more than 40 hours per week, Defendant did not pay them any overtime premium wages for any of their hours beyond 40.

51.    Defendant also violated the FLSA by failing to keep accurate contemporaneous records of all overtime hours Plaintiff and the FLSA Collective members worked.

52.    By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

53.    FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1).  None of these exemptions apply to Plaintiff and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

54.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of overtime premium wages owed for overtime work they performed.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.      Granting conditional certification to Plaintiff's FLSA overtime claims;

b.      Requiring Defendant to provide Plaintiff's Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

c.      Authorizing Plaintiff's Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

d.      Finding that Defendant willfully violated the FLSA by failing to pay all required overtime premium wages to Plaintiff and the FLSA Collective members;

e.      Granting judgment in favor of Plaintiff and the FLSA Collective members on their FLSA overtime claim;

f.      Awarding Plaintiff and the FLSA Collective members all compensatory damages owed under the FLSA;

g.      Awarding liquidated damages to Plaintiff and the FLSA Collective members equal to their compensatory damages;

h.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

i.      Declaring that Defendant willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendant from continuing to violate the FLSA on this basis; and,

j.      Awarding any further relief the Court deems just, equitable and proper.

## COUNT III
### Declaration Judgment
**Declaratory Judgment**
**(All FLSA Collective Action Members Who Executed Sign-On Bonus Agreements)**

55.     Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

56.     Plaintiff Lundholm, and others similarly situated were required, as a condition of employment, to sign the Sign-On Bonus Agreement.

57.     The Sign-On Bonus Agreement includes terms that violate the FLSA, including a waiver of the right to be paid the minimum wage required by the FLSA, a requirement to pay wages to CCM, a waiver of the individual's right to a jury and a requirement that the individual pay CCM's attorneys' fees and litigation costs.

58.     Defendant has attempted to enforce the unlawful Sign-On Bonus Agreement through demand letters and litigation.

59.     Enforcement of the Sign-On Bonus Agreement violates the FLSA and applicable state law to the extent it has the effect of requiring Loan Salespeople to work for no wages or wages that violate the minimum wage and overtime requirements of the FLSA and/or applicable state laws and requires individuals whose rights were violated to waive their right to a jury and pay CCM's attorneys' fees and litigation costs; thus, Plaintiff Lundholm respectfully requests that the Court declare that the Sign-On Bonus Agreement violates the FLSA and/or applicable state law.

60.     Plaintiffs further request that the Court enjoin Defendant from taking any action to enforce the unlawful provisions of the Sign-On Bonus Agreement.

61.     Defendant's conduct is willful.

## COUNT IV
### Violation of N.J.S.A. 34:11-56a and N.J.A.C. 12:56-6.1
### Failure to Pay Minimum and Overtime Wages
### <u>(New Jersey Class Members)</u>

62.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

63.     Defendant is an "employer" as defined by N.J.S.A 34:11-56(a)(1)(g).

64.     Plaintiff Lundholm and the New Jersey Class Members are "employees" as defined by N.J.S.A 34:11-56(a)(1)(h).

65.     The minimum and overtime wages sought by this claim are "wages" as defined by N.J.S.A 34:11-56(a)(1)(d).

66.     Throughout the relevant period, Defendant has been subject to the New Jersey Wage and Hour Act and its enabling Regulations.

67.     The New Jersey Wage and Hour Act provides that: "each employer shall pay to each of his employees [*sic*] wages at a rate of not less than" $13.00 per hour" *See* N.J.S.A 34:11-56(a)(4).The New Jersey Wage and Hour Regulations further provide that: employees shall receive the minimum hourly wage rate set by section 6(a)(1) of the Federal "Fair Labor Standards Act or the rate provided under N.J.S.A. 34:11-56A4, whichever is greatest. *See* N.J.A.C. 12:56-3.1.

68.     The New Jersey Wage and Hour Act also provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week...." *See* N.J.S.A 34:11-56(a)(4).

69.     As alleged herein, Defendant violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Lundholm

and the New Jersey Class members to be improperly paid less than the required minimum wage for certain hours they worked.

70.     As alleged herein, Defendant also violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Lundholm and the New Jersey Class members to be improperly denied required overtime premium wages for overtime hours they actually worked.

71.     As alleged herein, Defendant also violated the New Jersey Wage and Hour Act by failing to keep accurate contemporaneous records of all hours Plaintiff Lundholm and the New Jersey Class members worked.  *See* N.J.S.A 34:11-56(a)(20).

72.     Throughout the relevant period, Plaintiff Lundholm and the New Jersey Class members have been entitled to the protections provided by New Jersey Wage and Hour Act and its enabling Regulations, and have not been exempt from these protections for any reason.

73.     Specifically, Plaintiff Lundholm and the New Jersey Class members do not meet any of the exemptions for bona fide executive, administrative, or professional employees found in N.J.S.A 34:11-56(a)(4) because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 each week, they were subject to pay deductions that remove these exemptions and they do not otherwise meet the requirements for exempt status.

74.     By engaging in the conduct alleged herein, Defendant has acted willfully and/or with reckless disregard for the New Jersey Class members' rights under New Jersey Law.

75.     N.J.S.A 34:11-56(a)(25) expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

76.     N.J.S.A 34:11-56(a)(25) expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

**COUNT V**
**Failure to Timely Pay Wages in Violation of the NJWPL**
**(On Behalf of the New Jersey Class)**

77.    Plaintiff incorporates by reference all the allegations in the preceding paragraphs.

78.    At all relevant times, Defendant failed to pay Plaintiff Lundholm and the New Jersey Class the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

79.    Defendant also failed to pay Plaintiff Lundholm and the New Jersey Class all wages due to them not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

80.    As a result of Defendant's violations of the law and failure to pay Plaintiff Lundholm and the New Jersey Class Plaintiff all wages due, including overtime wages and other pay, Plaintiff Lundholm and the New Jersey Class Plaintiff have been damaged and are entitled to recover from Defendant all unpaid wages, along with interest and costs.

**COUNT VI**
**Failure to Provide Accurate Wage Statements in Violation of the NJWPL**
**(On Behalf of the New Jersey Class)**

81.    Plaintiff incorporates by reference all the allegations in the preceding paragraphs.

82.    At all relevant times, Defendant failed to provide accurate and complete wage statements as required by the NJWPL in that the wage statements provided did not include all of the hours actually worked by Plaintiff Lundholm and the New Jersey Class.

83.    As a result of Defendant's violations of the law and failure to provide accurate wage statements, Plaintiff Lundholm and the New Jersey Class are entitled to recover the penalties specified in the NJWPL.

## COUNT VII
## Improper Deductions from Wages
## (On Behalf of the New Jersey Class)

84.    Plaintiff incorporates by reference all the allegations in the preceding paragraphs.

85.    N.J.S.A. 34:11-4.4 provides that: "[n]o employer may withhold or divert any portion of an employee's wages unless: (a) [t]he employer is required or empowered to do so by New Jersey or United States Law."

86.    N.J.SA. 34:11-4.4(b) contains subparts number (1) through (11) which identify the legitimate and lawful circumstances under which an employer may withhold or divert sums from their employees' wages.

87.    None of the subparts in N.J.S.A. 34:11-4.4(b) apply to the claims asserted in this Complaint by the Plaintiff Lundholm and the New Jersey Class.

88.    The NJWHL creates a private cause of action for employees to sue in court for wages claimed to be due. A claim for wages improperly withheld or diverted wages is a claim for non-payment of wages due for which there is a private cause of action under New Jersey statutory law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action to the FLSA Collective Action members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

C.    That Defendant is found to have violated the Federal Fair Labor Standards Act as to the Representative Plaintiff and the Collective Class;

D.     That Defendant is found to have violated the state laws discussed above as to the Representative Plaintiff and the State Law Classes;

E.     An award to the Representative Plaintiff and the Collective Class and Rule 23 Class Members for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial and the other remedies sought above;

F.     That Defendant further be enjoined to cease and desist from unlawful activities in violation of the FLSA and applicable state laws;

G.     That the Representative Plaintiff and their counsel can adequately represent the interests of the Class as class representatives and class counsel, respectively;

H.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable law;

I.     For such other and further relief, in law or equity, as this Court may deem appropriate and just; and

J.     That Defendant's violations are deemed to be willful.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED:  February 14, 2023

Respectfully submitted,

*/s/ Alanna Klein Fischer*
Alanna Klein Fischer (Ohio 0090986)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Phone: 216-696-5000

Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com

and


Christopher Q. Davis (*pro hac vice* application pending)
Brendan Sweeney (*pro hac vice* application pending)
Hajar Hasani (*pro hac vice* application pending)
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, New York 10004
Telephone: (646) 430-7930
Facsimile: (646) 349-2504
cdavis@workingsolutionsnyc.com
bsweeney@workingsolutionsnyc.com
hhasani@workingsolutionsnyc.com

Attorneys for Plaintiff and the Proposed Collective and Classes