# ATTACHMENT A

# SIGN-ON BONUS AGREEMENT

This Sign-On Bonus Agreement (the "Agreement") is entered into this 4th day of April, 2022 by and between CrossCountry Mortgage, LLC, a Delaware Limited Liability Company ("Company") and **PAUL LUNDHOLM** (the "Employee") (collectively, the "Parties").

## R E C I T A L S

**WHEREAS,** Company desires to bestow upon the Employee a sign-on bonus in consideration for Employee accepting employment with the Company and remaining satisfactorily employed for at least two full years.

**NOW, THEREFORE,** in consideration thereof and of the covenants hereafter set forth, the Parties hereby agree as follows:

1. **INCORPORATION OF RECITALS.** The above recitals are incorporated herein by this reference.

2. **SIGN-ON BONUS PAYMENT.** Company agrees to pay Employee a Sign-On Bonus in the sum of <u>One Hundred Thirty Five Thousand Dollars</u> ($135,000.00) (the "Bonus"). Company will pay the Bonus in two equal installments of <u>Sixty Seven Thousand Five Hundred Dollars</u> ($67,500.00) each, through its regular payroll at the end of the first and third payroll periods subsequent to the Employee's start date (the "Start Date"). The Bonus shall be subject to all required taxes and withholdings applicable to bonus earnings. The Parties agree that:

    ☒ $<u>135,000.00</u> of the Bonus is an **unvested wage advance**. Employee will earn the advance in its entirety by remaining employed with Company for 24 months following the Start Date. **The Parties further agree that no portion of the advance shall be earned if Employee does not remain employed with Company for the full 24 months**. Stated differently, if Employee does not remain employed with Company for 2 years, Company may require Employee to pay back the bonus in full pursuant to paragraph 3, below. Time of employment less than 24 months, including partial months of employment, does not reduce the repayment obligation under this Agreement.

    ☐ $<u>      </u>.<u>   </u> of the Bonus is earned wages and not subject to recapture.

3. **REPAYMENT OF BONUS.** Employee agrees to repay to Company the entire Bonus amount according to the following terms:

    a. <u>Termination of Employment</u> – If the employment relationship between Employee and Company is terminated prior to 24 months after the Start Date, for any reason,

whether voluntary or involuntary, then Employee agrees to repay the entire Bonus within ten (10) days of the termination date. Employee further agrees that any outstanding balance on such repayment obligation is delinquent and immediately collectable following the tenth (10th) day after the termination date.

b. <u>Consent to Offset</u>. By signing below, Employee expressly gives Company a lien against any wages, accrued vacation time, incentive compensation payments, bonuses and/or commissions due to Employee at time of termination. Employee agrees that Company may deduct, to the extent permitted by applicable law, the repayment amount due Company under this Agreement from any amounts due Employee at time of termination. Employee also agrees that any tax consequences borne because of repayment of the Bonus will be the sole and exclusive responsibility of Employee.

4. **FURTHER DOCUMENTS**. The Parties agree to execute any and all documents, and to perform any and all other acts, reasonably necessary to accomplish the purposes of this Agreement.

5. **AT WILL EMPLOYMENT.** Nothing in this Agreement guarantees employment for any period of time. Employee shall be and remain an employee "at will".

6. **ACKNOWLEDGEMENTS AND INTEGRATION.** Employee understands s/he has the right to discuss this Agreement with any individual and, to the extent desired, Employee has taken advantage of this opportunity. Employee further acknowledges that s/he has carefully read and fully understands the provisions of this Agreement, and that s/he is voluntarily entering into the Agreement without any duress or pressure from Company. Employee also understands and acknowledges that this Agreement is the entire agreement between Employee and Company with respect to this subject matter, and Employee acknowledges that Company has not made any other statements, promises or commitments of any kind (written or oral) to cause Employee to agree to the terms of this Agreement.

7. **WAIVER**. The failure of a party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver nor shall it deprive such party of the right thereafter to insist upon strict adherence to that that term or any term of this Agreement. Any waiver must be in writing signed by the waiving party. If Company is the waiving party, such waiver must be signed by Company's President and Chief Executive Officer, Ronald J. Leonhardt, Jr.

8. **MODIFICATION**. This Agreement may be supplemented, amended, or modified only by the mutual agreement of the parties. No supplement, amendment, or modification of this Agreement shall be binding unless it is in writing and signed by the Employee and Company's President and Chief Executive Officer or Company's Chief Legal Counsel.

9. **SEVERABILITY.** The Parties agree that should a court of competent jurisdiction declare or determine any provision of this Agreement to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and enforceable and the illegal, invalid or unenforceable provision(s) shall be modified only so much as necessary to comply with applicable law.

10. **CHOICE OF LAW; WAIVER OF JURY TRIAL.** This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio (without regard to any conflicts of laws principles thereof that would give effect to the laws of another jurisdiction). Employee intends to and hereby confers jurisdiction upon the courts of the State of Ohio and U.S. federal courts located within the State of Ohio to determine any dispute arising out of or related to this Agreement, including the enforcement and the breach hereof. Employee waives any objection to venue in such courts. Each party irrevocably waives its rights to trial by jury in any action or proceeding arising out of the Agreement.

11. **ATTORNEYS FEES.** Employee agrees to pay all reasonable costs, expenses, interest, and legal fees incurred by the Company to enforce this Agreement

| EMPLOYEE | CROSSCOUNTRY MORTGAGE, LLC |
|---|---|
| *DocuSigned by: Paul Lundholm* (828D3449E27A4E1) | By: *DocuSigned by: Alex Ragon* (A407916AAB2E4CB) |
| Paul Lundholm | Alex J. Ragon, Chief Legal Counsel |