# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL LUNDHOLM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>Defendant. | )<br>)<br>) CASE NO. 1:23-CV-00285-DAP<br>)<br>) JUDGE DAN A. POLSTER<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S
## MOTION TO COMPEL ARBITRATION AND TO DISMISS

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and Federal Rule of Civil Procedure 12(b)(6), Defendant CrossCountry Mortgage, LLC ("**CCM**" or "**the Company**") by and through the undersigned counsel, hereby respectfully moves this Court to compel Plaintiff Paul Lundholm's ("*Mr. Lundholm*") individual claims to arbitration and to dismiss this matter and the remaining claims as improperly brought.

Mr. Lundholm was an employee of CCM. He entered into an employment agreement with CCM that, among other things, requires that all disputes arising out of or relating to his employment at the Company be resolved through binding arbitration. That same agreement also contains a class/representative preclusion provision that prevents Mr. Lundholm from being a plaintiff or class representative in any putative

1

joint action. For these reasons, as further detailed below, Mr. Lundholm's individual claims, if they are to be brought at all, must be arbitrated and the entire case dismissed.

## I. FACTS

Mr. Lundholm was an employee of CCM and an outside loan originator only from approximately April 4, 2022 to November 2, 2022. *See Class and Collective Action Complaint* (Docket No. 1) (Feb. 14, 2023) (the "***Complaint***") at ¶ 7. In the Complaint, Mr. Lundholm purports to bring claims based upon the Fair Labor Standards Act (Counts I and II and III[1] – individually and on behalf of certain "FLSA Collective Members") and the New Jersey Wage and Hour Act (Counts IV -VII – individually and on behalf of "New Jersey Class Members").

In order to become an employee of CCM, Mr. Lundholm was required to enter into an employment agreement with CCM. *Exhibit 1, Affidavit of Michelle Novak* ("*Novak Aff.*") at ¶ 3. On April 4, 2022, Mr. Lundholm agreed to and electronically signed his

---

[1] Count III relates to a Sign-On Bonus Agreement entered into by Mr. Lundholm. In addition to the other reasons set forth in this *Motion*, this count, to the extent it asserts claims on behalf of Mr. Lundholm should also be dismissed because there is a prior case against him seeking repayment for amounts he failed to repay under this exact agreement. On February 23, 2023 Mr. Lundholm removed that case to the Northern District of Ohio. *See* Case No 1:23-cv-00351 (the "***Original Case***"). The Original Case was filed on or about February 3, 2023 and Mr. Lundholm received notice of the case on February 11, 2023. *See Original Case Notice of Removal.* This matter was not filed until February 14 and therefore, as any claim related to his Sign-on Bonus Agreement is a compulsory counterclaim in the Original Case, it cannot be brought here in a separate action. *Sanders v. First Nat'l Bank and Trust*, 936 F.2d 273, 277 (6th Cir. 1991) (citation omitted).

2

*CrossCountry Mortgage, LLC Outside Loan Originator Employment Agreement. Id.* at Attachment A (the "***Agreement***"). *See also Id*. at ¶ 4 and ¶ 11 and Attachment B. In addition to explaining the duties, requirements and compensation of an outside sales representative, the final section of the Agreement is an independent section relating to arbitration and a collective action waiver. *Agreement* at §5.19 ("Arbitration; Jury Waiver; Collective Action Waiver"). The Agreement, as entered into by Mr. Lundholm, provides that:

> As condition of employment, Employee agrees and acknowledges that Company and Employee will utilize binding arbitration to resolve all disputes arising out of or relating to Employee's employment with Company. Both Company and Employee mutually agree that any claim, dispute and/or controversy that either Employee may have against Company (or its owners, directors, officers, managers, employees, and agents) or Company may have against Employee, arising from, related to, or having any relationship or connection whatsoever with Employee seeking employment with, employment by, or other association with Company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"). Included within the scope of this Arbitration Agreement are all disputes, whether based in tort, contract, statute, equitable law, or otherwise.

*Id.* The Agreement further details both that the AAA will administer any arbitration and describes the rules and procedures that will govern that arbitration. *Id.* at §5.19 (a) – (g).

Additionally, the Agreement's arbitration section specifically identifies that:

**COMPANY AND EMPLOYEE AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A**

3

**PLAINTIFF OR CLASS REPRESENTATIVE/MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.** *Agreement* at § 5.19 (h) (bold and all caps in original).

The arbitration and collective action waiver provision of the Agreement is specifically identified as surviving the termination of an individual's employment. *Agreement* at § 5.19. The arbitration section ends with an acknowledgment by Mr. Lundholm that by signing the Agreement he agrees to the arbitration processes. *Id.* ("Employee's signature below indicates Employee's agreement to the alternative dispute resolution processes described above.") Immediately above the spot for Mr. Lundholm's electronic signature was a formal acknowledgment that he had read and agreed to the terms of the Agreement:

> **EMPLOYEE'S SIGNATURE BELOW CERTIFIES THAT EMPLOYEE HAS READ, UNDERSTANDS, AND AGREES TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. EMPLOYEE'S SIGNATURE ALSO CERTIFIES THAT COMPANY HAS PROVIDED EMPLOYEE THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF EMPLOYEE'S CHOICE AND EMPLOYEE HAS CONSULTED WITH COUNSEL OR, ALTERNATIVELY, EMPLOYEE HAS WILLINGLY WAIVED SUCH OPPORTUNITY.**
>
> **DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE AGREEMENT AND ACKNOWLEDGMENT**

*Id. (*bold and all caps in original). The Agreement is governed by Ohio law. *Id.* at § 5.7. Mr. Lundholm signed the Agreement and is bound by its terms. *See Novak Aff.* at ¶ 11.

## II. LAW AND ARGUMENT

The Court should compel Mr. Lundholm's individual claims, should he wish to pursue them, to arbitration and dismiss the remaining class/representative claims as they cannot be brought by the Plaintiff.

Arbitration is a favored method of dispute resolution under federal law. *See*, *e.g.*, *Cooper v. MRM Investment Co.*, 367 F. 3d 493, 498 (6th Cir. 2004) (citing the FAA's "strong public policy favoring arbitration of a wide class of disputes" and noting that the U.S. Supreme Court "has roundly endorsed arbitration"); *Asplundh Tree Expert Co. v. Bates*, 71 F. 3d 592, 595 (6th Cir. 1995) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]"). In order to determine whether claims are subject to arbitration a court must: (1) determine whether there is an agreement to arbitrate; (2) determine whether the claims fall under the applicable agreement; (3) determine whether any federal claims are arbitrable; and (4) if some claims are arbitrable, decide what to do with any remaining claims in the case. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Under this standard, Mr. Lundholm's direct claims, if they are to be brought at all, must be brought in arbitration. And because Mr. Lundholm is both precluded from serving as a class/collective representative and could not even be a member of the putative class in the very case he filed, the entire case is subject to dismissal.

First, there is a binding agreement to arbitrate. Mr. Lundholm signed the Agreement and is bound by its terms. *See Agreement, Novak Aff.* at *Attachment A. See also Id.* at *Attachment B* and ¶¶6-12; *Madhat v. Lipsey Communications, LLC.*, 2020 U.S. Dist. LEXIS 161272 (N.D. Ohio) at *5 ("electronic signatures are valid under Ohio law.")

Second, the scope of the Agreement covers all of Mr. Lundholm's individual claims in this matter. The claims in the underlying litigation – FSLA and New Jersey Wage and Hour claims - all specifically relate to alleged violations arising directly from his employment with CCM. *See Complaint* at ¶ 2 (CCM allegedly violated the FSLA and the New Jersey Wage and Hour Law in relation to Mr. Lundholm's and others employment); ¶¶ 22, 31 (claims are related to employment at CCM); ¶ 24 (Plaintiff has FSLA claims "because he was employed by Defendant…"); ¶ 32 (Plaintiff has New Jersey Wage and Hour claims because he "worked as a Loan Salesperson for Defendant…"). *See also* Count 1 at ¶¶ 40-41; Count II at ¶¶ 48-49; Count III at ¶¶ 56-57; Count IV at ¶¶ 64, 69; Count V at ¶¶ 77, 80; Count VI at ¶¶ 81, 83; and Count VII at ¶¶ 86, 88.

These claims are the exact claims Mr. Lundholm agreed to arbitrate. Mr. Lundholm in the Agreement agreed to arbitrate "**all disputes** arising out of or relating to Employee's employment with Company." *Agreement* at §5.19 (emphasis added). He further agreed "that **any claim, dispute and/or controversy**…**arising from, related to, or having any relationship or connection whatsoever with Employee seeking**

6

**employment with, employment by, or other association with Company**" be arbitrated. *Id.* (emphasis added). Just in case there could be any question left, the Agreement further makes clear that "[i]ncluded within the scope of this Arbitration Agreement are all disputes, whether based in tort, contract, statute, equitable law, or otherwise" *Id.* A provision containing "the phrase 'any claim or controversy arising out of or relating to the agreement'" is the "paradigm" of a broad clause requiring arbitration of all the individual claims. *See Acad. Of Med. v. Aetna Health, Inc*, 108 Ohio St.3d 185, 842 N.E.2d 488, 492-93 (2006), *citing ADR/JB Corp. v. MCY III, Inc* 299 F.Supp.2d 110, 114 (E.D.N.Y. 2004) (*quoting Collins & Aikman Prods. Co. v. Bldg. Sys. Inc.,* 58 F.3d 16, 20 (2nd Cir. 1985).) Because all his claims admittedly directly emanate from his employment, these claims must be arbitrated. *See Taylor v. Am. Income Life Ins. Co.,* 2013 U.S. Dist LEXIS 68334 (N.D. Ohio) at \*\*4-5 (FSLA and state wage claims had to be arbitrated under the applicable agreement which covered all claims and controversies "arising out of or relating to this contract.")

Third, the FSLA claims and the state wage and hour claims can be arbitrated. *See Epic Systems Corp. v. Lewis*, 138 S. Ct 1612, 1626 (2018) (arbitration agreements can cover employment disputes include FSLA claims); *Arafa v. Health Express Corp.*, 233 A.3d 495, 509 (N.J. 2020) (statutory wage claims are subject to arbitration clauses in employment agreements). Therefore, Mr. Lundholm's individual claims in this matter, if he decides

7

to pursue them, must be brought in an arbitration consistent with the terms of the Agreement.

Finally, under the fourth prong of the 6th Circuit test, this Court should dismiss this case in its entirety. As shown above, all of Mr. Lundholm's individual claims are subject to arbitration. Therefore, Mr. Lundholm cannot be a class member, let alone a lead plaintiff or representative, in this matter. Further, Mr. Lundholm has a binding agreement precluding him from either bringing a class or representative matter, or participating in any class or representative matter, against his former employer. Such a provision is binding upon an employee. *Epic Systems*, 138 S. Ct at 1618 (arbitration agreements calling for individualized actions must be enforced and when an individual with such an agreement brings FSLA collective and/or state law class wage claims, those claims cannot be asserted by the individual who signed an arbitration agreement limiting their claims to individualized action). That means Mr. Lundholm can neither bring the non-individualized claims in this matter nor be a party or member in any such class/representative matter.

The result of signing the Agreement containing the class action/representative waiver is that this case should be dismissed. Generally, the Federal Arbitration Act states: "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue

involved in such suit … is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ….." 9 U.S.C. § 3. However, where there are no actual claims in the matter that can be brought before the federal court, the court should dismiss the action outright. *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct 1906, 1925 (2022) (when individual claims must be arbitrated and the individual cannot be class/representative claims, "the correct course is to dismiss [the] remaining claims."). *See, also Madhat* 2020 U.S. Dist. LEXIS 161272 at *26; *Lamb v. Fintegra LLC*, 2013 U.S. Dist. LEXIS 82602, at *5 (N.D. Ohio) (it certain cases it is appropriate to dismiss a case rather than stay the proceedings"); *Stachurski v. DirecTV, Inc.*, 642 F.Supp.2d 758, 764 (N.D. Ohio 2009) (if there is "nothing left for the district court to do but execute judgment," dismissal [of the case] is appropriate'") (citations omitted).

### III.  CONCLUSION

For all of the foregoing reasons, the Court should: (1) order that if Plaintiff seeks to continue his individual claims, those claims must be brought in arbitration pursuant to the contractual agreement between Mr. Lundholm and CCM , and (2) that this case be dismissed in its entirety.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Brett S. Krantz*
JON J. PINNEY (0072761)
BRETT S. KRANTZ (0069238)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; bk@kjk.com

*Counsel for Defendant CrossCountry Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent via the Court's electronic docketing system, this 7th day of March, 2023, to the following:

Alanna Klein Fischer
Anthony J. Lazzaro
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
Moreland Hills, Ohio  44022
alanna@lazzaarolawfirm.com
anthony@lazzarolawafirm.com
*Attorneys for Plaintiff and the Proposed Collective Classes*

Christopher Q. Davis
Brendan Sweeney
Hajar Hasani
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, New York 10004
cdavis@workingsolutionsnyc.com
bsweeney@workingsolutionsnyc.com
hhasani@workingsolutionsnyc.com
*Attorneys for Plaintiff and the Proposed Collective Classes*

                                       */s/ Brett S. Krantz*
                                       BRETT S. KRANTZ (0069238)
                                       *Counsel for Defendant CrossCountry Mortgage, LLC*