IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| PAUL DIRUSSO, individually and on behalf of all others similarly situated, et al, | ) ) ) | |
|---|---|---|
| | ) | CASE NO. 1:23-CV-00285-DAP |
| Plaintiffs, | ) ) | JUDGE DAN A. POLSTER |
| v. | ) ) | |
| CROSSCOUNTRY MORTGAGE, LLC, | ) ) | |
| Defendant. | ) | |

### DEFENDANT CROSSCOUNTRY MORTGAGE, LLC'S SUPPLEMENT TO ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and Federal Rule of Civil Procedure 12(b)(6), Defendant CrossCountry Mortgage, LLC (**CCM**") by and through the undersigned counsel, hereby respectfully supplements its *Motion to Compel Arbitration and to Dismiss* (the "*Motion*") (March 7, 2023) (ECF No. 7) due to the addition of putative collective action Plaintiff Robert ("Bob") DiRusso ("Mr. DiRusso").

### Discussion

On March 20, 2023 (ECF No. 9) nearly three weeks after the *Motion* was filed, Mr. DiRusso filed an *FLSA Consent to Join* as an opt-in party under the FLSA. However, Mr. DiRusso, for the same substantive reasons as identified in the *Motion,* can neither bring any of these claims in this Court nor be a member of any collective/class action.

In order to become an employee of CCM, Mr. DiRusso was required to enter into an employment agreement with CCM. *Exhibit 1, Affidavit of Michelle Novak* ("*Novak Aff.*") at ¶ 3. Factually, all CCM employees from 2019 to the present entered into employment agreements – and each of these agreements contained an arbitration provision. *Id.*

On October 2nd, 2020, Mr. DiRusso agreed to and electronically signed his *CrossCountry Mortgage, LLC Outside Loan Originator Employment Agreement. Id.* at Attachment A (the "***Agreement***"). *See also Id*. at ¶ 4 and ¶ 10 and Attachment B. In addition to explaining the duties, requirements and compensation of an outside sales representative, the final section of the Agreement is an independent section relating to arbitration and a collective action waiver. *Agreement* at §5.19 ("Arbitration; Jury Waiver; Collective Action Waiver"). The Agreement, as entered into by Mr. DiRusso, provides that:

> As a condition of employment, Employee agrees and acknowledges that Company and Employee will utilize binding arbitration to resolve all disputes arising out of or relating to Employee's employment with Company. Both Company and Employee mutually agree that any claim, dispute and/or controversy that either Employee may have against Company (or its owners, directors, officers, managers, employees, and agents) or Company may have against Employee, arising from, related to, or having any relationship or connection whatsoever with Employee seeking employment with, employment by, or other association with Company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"). Included within the scope of this Arbitration Agreement are all disputes, whether based in tort, contract, statute, equitable law, or otherwise.

*Id.* The Agreement further details both that the AAA will administer any arbitration and describes the rules and procedures that will govern that arbitration. *Id.* at §5.19 (a) – (g).

Additionally, the Agreement's arbitration section specifically identifies that: **COMPANY AND EMPLOYEE AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS REPRESENTATIVE/MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.** *Agreement* at § 5.19 (h) (bold and all caps in original).

The arbitration and collective action waiver provisions of the Agreement are specifically identified as surviving the termination of Mr. DiRusso's employment. *Agreement* at § 5.19. The arbitration section ends with an acknowledgment by Mr. DiRusso that by signing the Agreement he agrees to the arbitration processes. *Id.* ("Employee's signature below indicates Employee's agreement to the alternative dispute resolution processes described above.") Immediately above the spot for Mr. DiRusso's electronic signature was a formal acknowledgment that he had read and agreed to the terms of the Agreement:

> **EMPLOYEE'S SIGNATURE BELOW CERTIFIES THAT EMPLOYEE HAS READ, UNDERSTANDS, AND AGREES TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. EMPLOYEE'S SIGNATURE ALSO CERTIFIES THAT COMPANY HAS PROVIDED EMPLOYEE THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH LEGAL COUNSEL OF EMPLOYEE'S CHOICE AND EMPLOYEE HAS CONSULTED**

**WITH COUNSEL OR, ALTERNATIVELY, EMPLOYEE HAS WILLINGLY WAIVED SUCH OPPORTUNITY.**

**DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE AGREEMENT AND ACKNOWLEDGMENT**

*Id. (*bold and all caps in original). The Agreement is governed by Ohio law. *Id.* at § 5.7. Mr. DiRusso signed the Agreement and is bound by its terms. *See Novak Aff.* at ¶ 10.

CCM hereby incorporates its prior arguments showing why these claims must be submitted to arbitration and this case dismissed, regardless of the purported addition of Mr. DiRusso. *See Motion* (ECF No. 7) at pp. 5-9.

    Respectfully submitted,

    **KOHRMAN JACKSON & KRANTZ LLP**

    */s/ Brett S. Krantz*
    JON J. PINNEY (0072761)
    BRETT S. KRANTZ (0069238)
    One Cleveland Center, 29th Floor
    1375 East Ninth Street
    Cleveland, Ohio 44114
    Phone: 216-696-8700
    Fax: 216-621-6536
    Email: jjp@kjk.com; bk@kjk.com

    *Counsel for Defendant CrossCountry Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on March 27, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Brett S. Krantz
BRETT S. KRANTZ (0069238)
*Counsel for Defendant CrossCountry Mortgage, LLC*