# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL LUNDHOLM,** *et al.,* | ) | **CASE NO. 1:23-cv-0285** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | |
| **CROSSCOUNTRY MORTGAGE, LLC,** | ) | <u>**ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

On June 6, 2023, Plaintiffs filed a motion for Court-supervised notice to potential opt-in Plaintiffs and equitable tolling.  ECF Doc. 27.  Defendant filed a brief in opposition arguing the court should not permit Plaintiff to send notice to potential opt-in Plaintiffs until it rules on Defendant's motion to dismiss and compel arbitration. ECF Doc. 28.  Plaintiff's reply (ECF Doc. 32) asserts that Defendant's argument is very similar to the one rejected by the Sixth Circuit in *Clark v. A&L homecare & Training Ctr., LLC,* 2023 U.S. App. LEXIS 12365 (6th Cir., May 19, 2023).

Upon review of the parties' arguments and applicable case law, the Court finds that Plaintiffs have shown a strong likelihood that other loan salespeople working for Defendant under the same policies and agreements are similarly situated to Plaintiffs for purposes of this lawsuit.  Plaintiffs should not be precluded from sending out notice to potential opt-in plaintiffs on the sole basis that, like Plaintiffs, other similarly situated salespeople also signed employment agreements containing arbitration clauses.  Accordingly, the Court GRANTS Plaintiff's motion to notify potential opt-in Plaintiffs, as is further explained below.

1

On May 19, 2023, the Sixth Circuit issued a decision holding that plaintiffs in FLSA collective action lawsuits must show a "strong likelihood" that those other potential opt-in plaintiffs are similarly situated to plaintiffs themselves.  *Clark*, 2023 U.S. App. LEXIS at *12. The Court also admonished district courts to expedite their decisions on such motions.

Plaintiffs filed their motion for court supervised notice to potential opt-in plaintiffs and equitable tolling on June 6, 2023.  Plaintiffs have set forth strong arguments why the arbitration clause in their employment agreements with defendant should not be enforced.  Each of the three named Plaintiffs have also submitted declarations stating that they did not understand that they were required to submit to *arbitration* under their employment agreements, but resolve disputes *in court* under their Sign-On Bonus Agreements.  See ECF Doc. 27-1 at ¶18; ECF Doc. 27-6 at ¶8; ECF Doc. 27-11 at ¶14.   Plaintiffs contend that these agreements actually conflict with one another and should not be enforced.

Defendant argues that the Court should not permit notice to potential opt-in plaintiffs because the arbitration clauses in their employment agreements will be dispositive of their claims.  ECF Doc. 28 at 2.  However, the Sixth Circuit's *Clark* decision appears to directly reject this argument.  The Court stated,

> ***this type of contention—that "other employees" have agreed to arbitrate their claims—illustrates the impracticability of conclusively determining, in absentia, whether other employees are similarly situated to the original plaintiffs. For example, whatever a defendant's records might say, a particular employee—when confronted with such a contention—might testify "under oath that he 'unequivocally' did not consent to or acknowledge an arbitration agreement." *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 836, 843 (6th Cir. [**9]  2021). Or an employee might argue that his arbitration agreement with the employer lacked consideration, or was the result of fraud, duress, or mistake. *See Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315 (6th Cir. 2000); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004). Or he might argue that the agreement was procedurally unconscionable—which typically requires a determination whether "the individualized circumstances surrounding each of the parties to a contract [were] such that no voluntary meeting of the minds was

possible[.]" *Eastham v. Chesapeake Appalachia, L.L.C.,* 754 F.3d 356, 365 (6th Cir. 2014) (cleaned up) (applying Ohio law). We therefore respectfully disagree that district courts can or should determine, "by a preponderance of the evidence," whether absent employees have agreed to arbitrate their claims. *See generally JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019) (requiring such a determination for purposes of FLSA notice); *Bigger v. Facebook, Inc.,* 947 F.3d 1043, 1050 (7th Cir. 2020) (same).

Here, Plaintiffs have explained why they do not believe the arbitration clauses in Defendant's employment agreements are enforceable.  They have also submitted evidence that they all entered into the same employment and sign-on bonus agreements with Defendant and did not understand the agreements' apparent conflict regarding dispute resolution.  Plaintiffs reasonably believe that additional loan salespeople were working under the same agreements with Defendant during the same time period.

Defendants have not actually countered Plaintiffs' arguments that other employees were similarly situated.  Rather, they argue that the Court should wait to notify other salespeople until after ruling on Defendant's motion to compel arbitration.  But following the *Clark* decision, that would not be the best course.  The *Clark* decision encourages district courts to expedite rulings on motions to provide notice to similarly situated employees.  And here, the response to Defendant's motion to compel arbitration is not due until the end of October.  Moreover, Defendant's contention that other employees were subject to the *same* arbitration clauses, may actually support Plaintiffs' "similarly situated" argument.

Defendant also argue that it would be "inappropriate" for the Court to rule on the motion to allow notice to potential opt-in plaintiffs before ruling on the motion to compel arbitration. ECF Doc. 28 at 3.  Defendant cites several cases supporting this argument, but they were all issued prior to the Sixth Circuit's holding in *Clark.*  The Court agrees with Plaintiffs that the arbitration clause in Defendant's employment agreements should not prevent Plaintiffs from

sending out notice to potential opt-in plaintiffs.  If the Court later determines the parties are required to submit to binding arbitration, any additional opt-in plaintiffs will be bound by such decision.  In the meantime, there is no reason to prevent Plaintiffs from notifying other loan salespeople of potential FLSA claims.

Upon due consideration, the Court finds that Plaintiffs have satisfied the burden of showing a strong likelihood that other loan salespeople are similarly situated to Plaintiffs and should be given notice of their potential claims.  The Court will hold Plaintiffs' argument regarding equitable tolling of the statute of limitations on potential FLSA claims in abeyance until such time as it is apparent that the statute of limitations might actually preclude one of the opt-in plaintiffs' claims.

For the reasons stated herein, Plaintiffs' motion for court supervised notice to potential opt-in plaintiffs is GRANTED.  Defendant is directed to provide contact information for individuals who are eligible to receive the proposed notice attached to Plaintiffs' motion.  ECF Doc. 27-19.

Dated: July 10, 2023                                    *s/Dan Aaron Polster*
                                                        United States District Judge

4