**THE LAW OFFICE *of* CHRISTOPHER Q. DAVIS**

**WORKING SOLUTIONS NYC**

July 18, 2023

**By ECF**

Hon. Dan Aaron Polster
United States District Court
Northern District of Ohio

Re:  *Lundholm et al. v. CrossCountry Mortgage, LLC*
  Civ. Action No. 1:23-cv-00285-DAP

Dear Judge Polster:

This Firm represents Plaintiffs and the putative class and collective action members in the above referenced matter.  In accordance with your Honor's Civil Pretrial Procedures, we write to request a conference regarding Defendant CrossCountry Mortgage, LLC's refusal to engage in discovery and its "Motion to Stay Discovery Pending Resolution of the Motion to Compel Arbitration and to Dismiss." (ECF No. 34).[1]

After the Court authorized discovery during a March 30, 2023 conference, Plaintiffs amended the Complaint (ECF No. 24) and, on May 18, 2023, served Requests for Production of Documents and Interrogatories on counsel for Defendant. Defendant responded on June 20, 2023.  Defendant asserted multiple objections, provided almost no information and limited its document production to copies of agreements signed by the four Named and Opt-In Plaintiffs. We wrote to counsel for Defendant on July 11, 2023, to request a call to discuss Defendant's deficient responses, dates for depositions of Defendant's witnesses and the production of information as required by the Court's July 10 Order.  (Attachment A).

Defendant responded on July 17 (Attachment B).  Despite the events that have transpired in this case, Defendant refuses to produce documents or make witnesses available for discovery because "CCM's Renewed Motion to Compel Arbitration and to Dismiss ("Motion to Compel Arbitration") (ECF No. 25), is dispositive of this action in the current forum."

Defendant's position completely ignores the Court's actions to date.  First, the Court authorized discovery during the March 30 conference and set a schedule that requires Plaintiffs to oppose

---

[1] Defendant filed this Motion without complying with your Honor's Civil Pretrial Procedures for discovery motions.

July 18, 2023<br>Page 2 of 2

Defendant's Motion to Compel Arbitration and Motion to Dismiss by October 27, 2023. Second, the Court's July 10, 2023 Order in response to Plaintiffs' motion for court supervised notice to potential opt-in plaintiffs recognizes "Plaintiffs have set forth strong arguments why the arbitration clause in their employment agreements with defendant should not be enforced." (ECF No. 33 at pg. 2).

Plaintiffs' July 11 letter to Defendant outlines the reasons for some of its discovery requests. Plaintiffs can further explain the rationale for its requests as directed by the Court. Plaintiffs intended to take depositions of several witnesses after receiving appropriate written discovery. These efforts are directed at supporting Plaintiffs' Opposition to Defendant's Motion to Compel and Motion to Dismiss.

Plaintiffs request a conference as soon as possible.[2] Plaintiffs also request that the Court postpone Plaintiffs' obligation to respond to Defendant's "Motion to Stay Discovery Pending Resolution of the Motion to Compel Arbitration and to Dismiss" (ECF No. 34) until after the Court conducts a conference.

Respectfully submitted,

*Brendan Sweeney*

Brendan Sweeney

---

[2] Counsel for Plaintiff is not available on July 20, 2023 because of an all day mediation.

# Attachment A

THE LAW OFFICE *of* CHRISTOPHER Q. DAVIS

WORKING SOLUTIONS NYC

July 11, 2023

**By Email**

Brett S. Krantz
KJK
1375 E 9th Street, 29th Floor
Cleveland, Ohio 44114

Re:   *Lundholm, et al. v. CrossCountry Mortgage, LLC*

Dear Mr. Krantz:

The purpose of this letter is to address deficiencies in Defendant CrossCountry Mortgage, LLC's ("CCM") responses to Plaintiffs' discovery requests, which were served on June 20, 2023. CCM's interrogatory responses provide almost no information and CCM's document production is limited to agreements signed by individuals who are Named Plaintiffs or Opt-ins.

When the Court authorized discovery on March 30, 2023, it did not limit discovery in any way that is consistent with CCM's objections. The Court's July 10 Order confirms that the Court recognizes that individuals who meet the definitions of the Proposed Collectives in the Amended Complaint potentially have claims that are appropriate for collective/class treatment. The Court authorized discovery related to these potential claims.

To date, the parties have not exchanged Rule 26 Initial Disclosures. We propose that the parties agree on a date for exchanging disclosures, no later than July 21.

CCM is obligated to conduct a search for responsive Electronically Stored Information ("ESI"). We are willing to attempt to agree on a protocol and search terms to efficiently locate responsive ESI.

We are also available to meet and confer about CCM's objections more generally. Please let us know available times in the next few days. In addition, we intend to notice the remote deposition of Michelle Novak and would like to discuss potential dates. If we do not resolve these issues in the near future, we intend to seek assistance from the Court.

July 11, 2023
Page 2 of 4

1. **List of Potential Collective Action Members With Contact Information**

Please produce, in an Excel spreadsheet, contact information for all individuals who meet the definitions in Paragraphs 47 and 54 of the Amended Complaint (referred to herein as the "Proposed Collectives"). Please provide this information no later than July 24, 2023.

2. **Interrogatories 1 through 6/Document Requests 1 through 7**

Interrogatories 1 through 6 request information that is directly relevant both to the enforceability of CCM's arbitration agreement and class/collective action waiver and Plaintiffs' substantive FLSA claims. In addition to the contact information that the Court directed CCM to provide, these Interrogatories request audit trail information for all Sign-On Bonus Agreements, information about the way CCM paid members of the Proposed Collectives and information about the steps CCM took to enforce the Sign-On Bonus Agreement.[1]

As you know, the Amended Complaint alleges that CCM required members of the Proposed Collectives to execute conflicting agreements. (Am. Compl. ¶ 31). The conflicting agreements give rise to multiple theories for invalidating CCM's arbitration agreement and class/collective action waiver. First, the agreements cannot both govern dispute resolution as they both include broad integration clauses. To the extent CCM required members of the Proposed Collectives to execute Sign-On Bonus Agreements after they signed Employment Agreements, it is our position that the Sign-On Bonus Agreement nullifies the Employment Agreement with respect to dispute resolution. Alternatively, if both agreements apply, the agreements are unconscionable because CCM used its superior bargaining power to cause members of the Proposed Collective to agree to arbitration while it retained the right to take earned wages, sue those individuals in court and impose fees and costs on them. The information sought in Interrogatories 1 through 6 is relevant to these theories. Interrogatories 2 through 5 specifically seek discovery of information related to the actions CCM has taken to enforce the Sign-On Bonus Agreement against members of the Proposed Collectives. This information is relevant to Plaintiffs' claim that the Sign-On bonus agreement violates the FLSA and the potential damages caused to members of the Proposed Collectives. CCM's objections are improper, especially in light of the Court's July 10 Order.

It would be efficient to produce the information requested in Interrogatories 1 through 6 in a spreadsheet. If CCM is willing to do so, we would agree to defer production of documents that are responsive to Document Requests 1 through 7. If CCM is unwilling to produce a summary, we will request that the Court compel CCM to produce documents that are responsive to Document Requests 1 through 7.

---

[1] To avoid any confusion, we are attaching a Second Set of Interrogatories that requests audit trail information for all Employment Agreements executed by members of the proposed Collectives.

3. **Interrogatories 7 and 8/Document Requests 11 through 14**

Interrogatories 7 and 8 request that CCM identify people with knowledge of the rationale for CCM's pay practices and its practice of requiring members of the Proposed Collectives to sign conflicting dispute resolution agreements. Document Requests 11 through 14 request documents related to the same general topics. Among other things, the information sought is relevant to Plaintiffs' claim that CCM's agreements are unlawful and unconscionable. CCM's objections are improper, especially in light of the Court's July 10 Order.

4. **Document Requests 8 through 10**

These requests seek the compensation policies and job descriptions that were applicable to members of the Proposed Collectives. CCM's objections are improper, especially in light of the Court's July 10 Order.

5. **Document Requests 15 through 20**

These requests seek information that is relevant to Plaintiffs' claims that CCM misclassified members of the Proposed Collectives and Plaintiffs' claims that CCM's violations of the FLSA were willful. We expect that a search of ESI will reveal documents that are responsive to these requests. CCM's objections are improper, especially in light of the Court's July 10 Order.

6. **Document Requests 21 and 22**

These requests seek information about the ownership and management of CCM. There is no valid basis for CCM to withhold this information.

7. **Document Requests 23 and 24**

These requests seek information that CCM is required to produce by FRCP 26(a)(1)(A)(iv).

8. **Document Requests 25 and 26**

These requests seek documents related to CCM's policies and practices for retention of information that is potentially relevant to this litigation. CCM's objections are improper.

July 11, 2023<br>Page 4 of 4

We are willing to defer disagreements about CCM's responses to other requests until later in the litigation. Plaintiffs reserve all of their rights.

Sincerely,

Brendan Sweeney

# Attachment B



**JEFFREY R. VAISA | Associate**

**Direct:** 216.736.7287 **| Mobile :** 703.965.5215 **| JRV@kjk.com**

VIA EMAIL

**July 17, 2023**

Brendan Sweeney
Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, NY 10004
bsweeney@workingsolutionsnyc.com

**Re: Paul Lundholm, et al v. CrossCountry Mortgage LLC**
**U.S. District Court Northern District Case No. 1:23-CV-00285-DAP**

**Dear Mr. Sweeney:**

This letter responds to your July 11, 2023, letter regarding discovery in this matter. As you know, each Plaintiff you represent signed an employment agreement where they both agreed to arbitrate any and all claims against CrossCountry Mortgage, LLC ("**CCM**"), and waived their right to bring or participate in any class or collective action against CCM. CCM's *Renewed Motion to Compel Arbitration and to Dismiss* ("**Motion to Compel Arbitration**") (ECF No. 25), is dispositive of this action in the current forum. Plaintiffs have not yet filed any opposition to CCM's Motion to Compel to move this case forward, despite the various arguments you have made to allege the arbitration clause and collective action waiver are somehow inapplicable. There is nothing preventing your clients from filing an opposition to the Motion to Compel to expediently resolve this preliminary issue prior to the Court's briefing schedule.

Generally we will of course comply with the Court's July 10, 2023 Order (ECF No. 33) and provide you the contact information for the potential opt-in plaintiffs. We will update you on the timing of when we expect to be able to compile that information, but we are working on getting the information in our client's possession.

Specifically, you assert that Interrogatories 1 through 6 and Document Requests 1 through 7 should be provided because they "relate" to the arbitration agreement and class/collective action waiver issues. However, we have already provided documentation from CCM relevant to the current four Plaintiffs in this matter in response to those Interrogatories and Document Requests. This included the sign-on bonus agreements, employment agreements, demand letters, and DocuSign documentation. If you believe there is additional information relevant to the arbitration and class/collective action waiver issues, as they pertain to the four current Plaintiffs, please let us know and we can discuss. The documents and other information sought, outside of this limited scope, is not appropriate with the Motion to Compel pending.

Further, even if the Motion to Compel was not pending, the deficiency letter covers discovery requests that are not even relevant to this dispute. For example, despite sworn information filed in other matters, you seek documents on the ownership and management of CCM in Document Requests 21 and 22. This information among others, would not be producible and is irrelevant in this matter even absent the Motion to Compel.

**CLEVELAND OFFICE**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS OFFICE**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43215

**KJK**.com

A LAW FIRM **BUILT FOR BUSINESS.**



1

4881-2943-8065, v. 1



**JEFFREY R. VAISA | Associate**

**Direct:** 216.736.7287 **| Mobile :** 703.965.5215 **| JRV@kjk.com**

Although we will produce the contact information pursuant to the Court's July 10th Order, we will not be producing any other merits-based or class/collective action discovery, including but not limited to, information, documents, or CCM witnesses to testify in deposition, prior to the resolution of the Motion to Compel Arbitration. Engaging in further merits-based or class/collective action discovery is contrary to the law as well as the purpose of the bargained-for arbitration and class/collective action waiver provisions in the applicable employment agreements.

If you have any questions, please do not hesitate to reach out to me.

**Very truly yours,**


**JEFFREY R. VAISA**

**CLEVELAND OFFICE**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS OFFICE**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43215

**KJK**.com



A LAW FIRM **BUILT FOR BUSINESS.**

2

4881-2943-8065, v. 1