UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL LUNDHOLM, ROBERT DIRUSSO and MAX ROSA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>Defendant. | CASE NO. 1:23-cv-00285-DAP<br><br>JUDGE DAN AARON POLSTER |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiffs Paul Lundholm ("Lundholm"), Bob DiRusso ("DiRusso"), and Max Rosa ("Rosa") (the "Named Plaintiffs") move this Court to transfer this case to the Southern District of New York ("SDNY"). As discussed below, the Named Plaintiffs intend to limit the transferred case to New York plaintiffs. Transfer is appropriate because the case could have been filed in the SDNY and transfer is convenient and just.

I.  **Background**

On February 3, 2023, Defendant CrossCountry Mortgage, LLC ("Defendant" or "CCM") filed suit against Lundholm in the Cuyahoga County Court of Common Pleas to force him to repay wages. On February 14, 2023, Lundholm filed this case. The Named Plaintiffs filed an Amended Complaint on April 28, 2023. (ECF No. 18).

1

On July 10, 2023, the Court granted the Named Plaintiffs' Motion for Court-supervised Notice. (ECF No. 33). In an Order dated July 26, 2023, the Court limited the contact information that CCM was required to provide. (ECF No. 36). While CCM has produced contact information for a limited number of potential collective action members, counsel for the Named Plaintiff has not mailed the court-approved notice to these individuals to avoid confusion if this Motion is granted.

**II.     Argument**

   **A.     Applicable Standards**

"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. 1404(a). Although "it is somewhat unusual for a plaintiff to move to transfer an action from a venue that the plaintiff himself has selected in the first instance. There is nothing in the plain language of § 1404(a), however, that prevents a plaintiff from doing so." *Lexington v. Cheek & Zeehandelar, LLP*, No. 1:06cv2029, 2007 U.S. Dist. LEXIS 11828, at *4 (N.D. Ohio Feb. 21, 2007) (granting Plaintiff's motion to transfer venue).

A district court should grant a motion to transfer if: (1) the case could have initially been brought in the transferee court; and (2) the proposed transfer is convenient and just. *Nazarovech v. Am. Elite Recovery, LLC*, No. 1:18-CV-836, 2020 WL 489239, at *2 (S.D. Ohio Jan. 30, 2020).

   **B.     The SDNY Has Jurisdiction**

The Named Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"). The SDNY has subject matter jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b)

2

and 28 U.S.C. §1331 (federal question jurisdiction). The SDNY also has jurisdiction over the Named Plaintiffs' claims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The SDNY also has personal jurisdiction, and venue is proper, because CCM employed Plaintiff DiRusso within the SDNY.[1]

Currently, there is a split amongst the Circuits as to the applicability of the U.S. Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) to multi-state FLSA collective actions. The *Bristol-Myers* decision limited the scope of a court's jurisdiction over out-of-state claims brought against a defendant outside its home state. The underlying claims in the *Bristol-Myers* case were tort claims. In *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (2022), the First Circuit held that the *Bristol Myers* decision does not apply to FLSA collective actions. But other Circuit Courts have held that *Bristol Myers* prohibits federal courts from exercising jurisdiction over claims of out-of-state opt-in plaintiffs in putative collective actions, other than in the states in which the employer has its principal place of business or is incorporated. *E.g.*, *Fischer v. Federal Express Corp.*, No. 21-1683 (3d Cir. July 26, 2022).

The *Bristol-Myers* decision does not limit the jurisdiction of the SDNY because the Second Circuit has not addressed the applicability of *Bristol-Myers* to multistate FLSA collective actions. But, to avoid unnecessary motion practice on this issue, if the Court grants this Motion the Named Plaintiffs will seek leave to amend their Complaint to limit the transferred case to

---

[1] DiRusso worked from his home in Patterson, New York which is in Putnam County. Putnam County is within the SDNY.

3

individuals who worked in New York. Assuming this case is limited to New York plaintiffs, the *Bristol-Myers* decision is irrelevant.

### C. The Proposed Transfer is Convenient and Just

In *Smith v. Gen. Info. Sols., Inc.*, No. 2:18-CV-230, 2018 WL 4019463 (S.D. Ohio Aug. 23, 2018), after summarizing the relevant standards, the court granted the Plaintiff's motion to transfer venue. The court stated:

> In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (*quoting Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors to consider include all of the following: the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home.

*Id.* at *2. "Ultimately ... the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Id.*; *citing Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300 at *9 (S.D. Ohio Jan. 15, 2010); *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate.").

Litigating a collective and class action that will be limited to New York plaintiffs in the SDNY will be more convenient than litigating in this venue. All relevant parties are citizens of

New York.[2] Named Plaintiffs DiRusso and Rosa and opt-in Plaintiff Todd Baker reside in New York and worked for CCM in New York. CCM is a limited liability company and is a citizen of multiple states, including New York. (**Exhibit 1**, Affidavit of Alex J. Ragon).[3] The claims in this case arose in New York and Judges in the SDNY will be familiar with the state law claims (including for late payment of wages and unlawful deductions) asserted in the Amended Complaint.

Litigating this case in Ohio would be prohibitively expensive for Plaintiffs. As the Court has required that all conferences be conducted in person, travel costs for the Named Plaintiffs over the course of this litigation may exceed the value of their claims. If the case is litigated in New York, the Plaintiffs can participate at minimal cost.

Transferring the case to the SDNY will not cause unfair prejudice to CCM. To date, the parties have only engaged in minimal paper discovery. The only substantive decision in the case to date, the Court's decision on Plaintiffs' Motion for Court-supervised Notice, was in Plaintiff's favor.

---

[2] Lundholm is a resident of New Jersey. If this Motion is granted, he would agree to dismiss his claims without prejudice.

[3] According to the Ragon Affidavit, "the states in which CCM is a citizen include, but are not limited to, Ohio, New York, and New Jersey." This affidavit was submitted by CCM's Chief Legal Officer in support of a Motion to Remand the case that CCM filed against Lundholm. (N.D. Ohio Case 1:23-cv-00351-SO).

## CONCLUSION

The Named Plaintiffs respectfully request that the Court transfer this case to the SDNY.

Respectfully submitted,

Dated: September 15, 2023
New York, New York

*Brendan Sweeney*

Brendan Sweeney
Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, NY 10004
bsweeney@workingsolutionsnyc.com
*Attorneys for Plaintiffs and the Proposed Collective and Class*

6