IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL LUNDHOLM, *et al.*, | ) | CASE NO. 1:23-cv-0285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| CROSSCOUNTRY MORTGAGE, LLC, | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |

I.   Introduction

On March 7, 2023, Defendant Crosscountry Mortgage, LLC filed a motion to compel arbitration and dismiss. ECF Doc. 7. The Court granted time for the parties to conduct discovery related to Defendant's motion. On June 2, 2023, Defendant file a renewed motion to include additional joined plaintiffs. ECF Doc. 25. Plaintiffs' filed a response in opposition to Defendant's motion on October 27, 2023. ECF Doc. 47. Defendant filed a reply on November 17, 2023. ECF Doc. 54. Because Plaintiffs' employment agreements required binding arbitration to resolve all disputes arising out of or related to their employment, the Court GRANTS Defendant's motion to compel arbitration and dismiss without prejudice. The Court's decision is further explained below.

II.   Statement of Facts

The Plaintiffs in this case worked for Defendant as loan officers. Each of them entered into two agreements with Defendant at the outset of their employment – a sign on bonus agreement and an employment agreement. The sign-on bonus agreements provided for advances on the employee's wages, which were required to be paid back if the employment relationship

1

was terminated prior to a certain date.  The sign-on bonus agreements also contained the following provision:

> CHOICE OF LAW; WAIVER OF JURY TRIAL. This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio (without regard to any conflicts of laws principles thereof that would give effect to the laws of another jurisdiction). Employee intends to and hereby confers jurisdiction upon the courts of the State of Ohio and U.S. federal courts located within the State of Ohio to determine any dispute arising out of or related to this Agreement, including the enforcement and the breach hereof. Employee waives any objection to venue in such courts. Each party irrevocably waives its rights to trial by jury in any action or proceeding arising out of the Agreement.

All Plaintiffs also entered into employment agreements as a condition of their employment.  The employment agreements contain the following relevant provisions:

> 5.13 Entire Agreement. This Agreement sets forth all the promises, covenants, agreements and conditions between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, expressed or implied, oral, written or otherwise, except as set forth herein.
>
> 5.19 Arbitration; Jury Waiver; Collective Action Waiver. As a condition of employment, Employee agrees and acknowledges that Company and Employee will utilize binding arbitration to resolve all disputes arising out of or relating to Employee's employment with Company. Both Company and Employee mutually agree that any claim, dispute and/or controversy that either Employee may have against Company (or its owners, directors, officers, managers, employees, and agents) or Company may have against Employee, arising from, related to, or having any relationship or connection whatsoever with Employee seeking employment with, employment by, or other association with Company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"). Included within the scope of this Arbitration Agreement are all disputes, whether based in tort, contract, statute, equitable law, or otherwise.
>
> Excluded from this Arbitration Agreement are claims that are not arbitrable pursuant to federal or state law including workers' compensation claims, unemployment compensation claims, or the right to file an administrative charge before a governmental agency, such as the Equal Employment Opportunity Commission (EEOC), National Labor Relations Board (NLRB), or the Department of Labor (DOL), or other claims that as a matter of law cannot be subject to arbitration. For purposes of this provision the following matters may not be subject to arbitration: (i) matters relating to enforcement of

the provisions under the Article titled "Protected Information and Restrictive Covenants", which Company may seek to enforce in any court of competent jurisdiction; and (ii) joinder by Company of Employee as a third party defendant in any suit brought against Company.

The following conditions are mutually agreed upon by both parties to this Arbitration Agreement:

(a) Any relief that would otherwise be available in a court action is equally available to the parties in connection with the arbitration proceedings;

(b) In addition to any other requirements imposed by law, disputes shall be settled by binding arbitration administered by the American Arbitration Association ("AAA") before a qualified individual, to whom the parties may mutually agree pursuant to AAA's Employment Arbitration Rules and Mediation Procedures (found at https://www.adr.org), and shall be subject to disqualification on the same grounds as would apply to a judge of such court;

(c) The procedures of the arbitration shall be governed by the Ohio Code of Civil Procedure and Ohio Rules of Court. To the extent permissible under applicable law, any and all hearings or other proceedings shall be held at a place in Cuyahoga County, Ohio;

(d) The Arbitrator shall have the authority to allow for appropriate discovery and exchange of information before a hearing, including, but not limited to: interrogatories, requests for production of documents, requests for admission, depositions, and the issuance of subpoenas. The parties shall be permitted enough discovery to gather necessary evidence to prove their claims or defenses;

(e) Awards shall include the Arbitrator's written and well-reasoned opinion(s). The Arbitrator shall issue a written opinion and award, in conformance with the following requirements: (i) the opinion and award must be signed and dated by the Arbitrator; (ii) the Arbitrator's opinion(s) and award shall decide all issues submitted; (iii) the Arbitrator's opinion and award shall set forth the legal principals supporting each part of the opinion(s); and (iv) the Arbitrator shall have the same authority to award remedies and damages as provided to a judge and/or jury under parallel circumstances in a civil action;

(f) Company shall pay the costs associated with the arbitration, except for those costs which the employee would routinely be required to pay in court litigation. If Employee works or resides in the state of California, costs paid by Company shall include the amount of any arbitration filing fees in excess of filing fees that would be imposed if Employee filed the same claim(s) in a court or administrative body of competent jurisdiction. To the extent permissible under applicable law, each party shall be responsible for its own

    attorneys' fees, except that the Arbitrator may award attorneys' fees to the prevailing party consistent with applicable state or federal law;

(g) Judgment upon the award rendered by the Arbitrator may be entered as a judgment in any court having jurisdiction thereof; and

(h) COMPANY AND EMPLOYEE AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS REPRESENTATIVE/MEMBER IN ANYPURPORTED CLASS OR REPRESENTATIVE PROCEEDING.

This Arbitration Agreement shall survive termination of Employee's employment with Company. The parties may only revoke or modify this Arbitration Agreement with a written instrument, demonstrating the unambiguous, mutual intent of the parties, signed by Employee and the President/Owner(s) of Company. If a court or administrative body of competent jurisdiction deems any term or provision of this Arbitration Agreement illegal, otherwise invalid, or incapable of being enforced to any extent, such term or provision shall be severed to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, Employee and Company agree that the body making the determination of invalidity or unenforceability shall have the power to replace the invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and that this Arbitration Agreement shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

Employee understands and agrees that both Employee and Company give up the right to trial by jury of any claim each may have against the other. Employee understands that the AAA's filing fees are typically more expensive than the filing fees in a court of law. Further, the AAA may interpret and enforce the rules of procedure and evidence in a different manner than a court of law or administrative body. For a full set of the AAA's rules and more information on the AAA's arbitration process, please visit www.adr.org. Employee's signature below indicates Employee's agreement to the alternative dispute resolution processes described herein.

    Defendant sued several of its former employees in state court to recover their sign-on bonuses after their employment was terminated. However, Defendant has dismissed all of its claims against the Plaintiffs in this lawsuit and no claims are pending against them at this time.

In this federal case, Plaintiffs are attempting to certify a class of employees who worked as loan officers for Defendant. Plaintiffs allege Defendant's compensation plan violated the FLSA. They have also asserted related state law compensation claims for the various states in which they reside.

Shortly after Plaintiffs filed their case, Defendant filed a motion to compel arbitration and dismiss. ECF Doc. 7. Since then, Defendant has supplemented its motion to compel arbitration several times and filed a renewed motion to compel arbitration. Defendant moves the Court to enforce the arbitration clause in the parties' employment agreements which governs Plaintiffs' FLSA claims.

After conducting some discovery, Plaintiffs filed an opposition to Defendant's Motion to Compel Arbitration and to Dismiss. ECF Doc. 47. Plaintiffs argue Defendant waived its right to compel arbitration by suing several of its employees, including Lundholm and Rosa, in state court. Plaintiffs also contend that there was no meeting of the minds as to arbitration on future employment disputes. Finally, Plaintiffs argue the sign-on bonus agreements (containing Ohio forum-selection clauses) supersede the employment agreements, which were typically signed after or around the same time as the sign-on bonus agreements. The Court will address each of Plaintiffs' arguments below.

**III.  Law & Analysis**

 **A.  Legal Standard**

When addressing a motion to compel arbitration under the Federal Arbitration Act, courts should consider: (1) "whether the parties agreed to arbitrate," (2) "the scope of that agreement," (3) whether, if federal claims are asserted, "Congress intended those claims to be nonarbitrable;" and (4) if only some of the claims asserted in the complaint are subject to arbitration, "whether to

5

stay the remainder of the proceedings pending arbitration." *Massaad v. CVS RX Servs.*, 2017 U.S. Dist. LEXIS 157901, *6 (N.D. Ohio, Sept. 26, 2017).

The FAA "establishes 'a liberal federal policy favoring arbitration agreements.'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97-98, 132 S. Ct. 665, 181 L. Ed. 2d 586 (2012) (quoting *Moses H Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). As a result, when interpreting an arbitration agreement, "any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (*quoting Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004)) (internal quotation marks omitted).

That said, "[a]rbitration under the [FAA] is a matter of consent, not coercion." Even the strong federal policy favoring arbitration cannot change the fact that, at its core, "arbitration is a matter of contract between the parties, and [a person] cannot be required to submit to arbitration of a dispute which [he] has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005).

A party opposing a motion to compel arbitration must show that there is a genuine dispute of material fact as to whether there is a valid agreement to arbitrate between the parties. *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). Because this standard mirrors the summary judgment standard, the Court views all of the facts and draws all inferences in favor of the party opposing arbitration, except that any doubts as to the interpretation of the agreement must be resolved in favor of arbitration. *Bollman*, 505 F.3d at 504. The question is "whether the evidence presented is such that a reasonable trier of fact could conclude that no valid agreement to arbitrate exists." *Simons*, 288 F.3d at 889.

6

Here, the employment agreements require arbitration for all matters related to Plaintiffs' employment. And Congress has not indicated that FLSA claims are nonarbitrable. *Floss v. Ryan's Fam. Steak Houses, Inc.,* 211 F.3d 306, 313 (6th Cir. 2000). Thus, unless Plaintiffs can show they did not agree to arbitration or Defendant waived its right to arbitration, the law favors enforcement of the employment agreements' arbitration clause.

### B. Waiver

Defendant previously sued some of the Plaintiffs in Cuyahoga County Court of Common Pleas to claw back the sign-on bonuses they received during their employment. Plaintiffs argue that Defendant waived its right to arbitration by filing actions in state court. Defendant counters that the state court cases involved only the sign-on bonus agreements, not other employment matters governed by the employment agreements. Defendant argues it did not waive its ability to enforce the arbitration agreement when it filed collection actions against former employees based solely on their sign-on bonuses. Defendant also argues that the Court should give effect to every contract provisions between the parties including the arbitration clause. Giving effect to the arbitration agreement would require Plaintiffs to arbitrate their FLSA claims.

Plaintiffs argue that their case is similar to *WorldSource Coil Coating, Inc. v. McGraw Const. Co.,* 946 F.2d 473, 479 (6th Cir. 1991), in which the Court held that the defendant had waived its right to arbitrate by filing an earlier lawsuit in state court. But *WorldSource* was different in that there was only one agreement between the parties in that case. Thus, when the defendant filed a state court case it was based on the same contract containing the arbitration clause, which it later invoked in federal court. Given defendant's earlier abandonment of the contract's arbitration clause when *it* filed a claim in state court, the Court held that it could not

7

later invoke this clause. But unlike *WorldSource,* Plaintiffs entered into two separate agreements with Defendant and only their employment agreements contained an arbitration clause.

As already noted, Plaintiffs entered into two agreements with Defendant – the sign-on bonus agreements and the employment agreements. Plaintiffs argue the Court should read these agreements in conjunction with one another and find that the forum selection clause in the bonus agreements contradicts the arbitration clause in the employment agreements. But the agreements themselves weigh against such an approach. For example, the sign-on bonus agreements state, "[e]mployee also understands and acknowledges that this Agreement is the entire agreement between Employee and Company with respect to this subject matter…," and the employment agreements state:

> Entire Agreement. This Agreement sets forth all the promises, covenants, agreements and conditions between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, expressed or implied, oral, written or otherwise, except as set forth herein.

According to the terms of the agreements, they are to be read separately from one another.

It makes sense that each of the two agreements has a separate dispute resolution mechanism. The sign-on bonus agreements relate to the fixed amount of advances given to employees. If the employment relationship terminated earlier than anticipated, the employer could bring a simple collection action for the return of the advance. There would not likely be any arbitrable issues under the sign-on bonus agreements. Conversely, there could be a wide variety of disputes arising under the employment agreements, and they could be raised by either party. Some of these disputes, such as the FLSA claims raised by Plaintiffs, could end up becoming quite complex. It makes sense to choose arbitration to resolve such complex disputes.

The Court is mindful that, if possible, it should give effect to each provision of the parties' agreements. "When confronted with an issue of contract interpretation, [a court's] role is to give effect to the intent of the parties." *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 129 Ohio St. 3d 397, 2011-Ohio-2720, 953 N.E.2d 285, 292. To that end, courts should "examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract." *Id.* In addition, courts should "look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement." *Id.*; *see also Alexander v. Buckeye Pipeline Co.,* 53 Ohio St. 2d 241, 374 N.E.2d 146, 150 ("common words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument"). "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Sunoco, Inc. (R&M)*, 953 N.E.2d at 292.

After carefully reviewing the language of the parties' agreements, the Court agrees with Defendant that the agreements were intended to be read separately. The sign-on bonus agreements governed Plaintiffs' advances. Any litigation related to the bonuses was to be brought before a judge in an Ohio court. The employment agreements covered all other employment matters between the parties. Thus, any disputes arising out of the employment relationship (excepting the sign-on bonuses) were subject to the arbitration clause in the employment agreements. This interpretation of the contracts is both consistent with general rules of contract interpretation and resolves any doubt in favor of arbitration. *See Nestle Waters N. Am., Inc.,* 505 F.3d at 504 (6th Cir. 2007).

Because the parties' agreements were to be read separately and only the sign-on bonus advances were subject to the Ohio forum selection clause, Defendant did not waive its right to arbitration by filing collection actions for the sign on bonuses in state court. Plaintiffs' claims in this case are governed by the employment agreements, which require any claims to be submitted to arbitration.[1]

### C. Meeting of the Minds

Plaintiffs also argue that there was no meeting of the minds between the parties. Plaintiffs have submitted declarations stating that they did not understand that Defendant had required them to agree to arbitration. See ECF Doc. 27. However, the undisputed facts show otherwise. Each of the Plaintiffs executed an employment agreement and conducted themselves in accordance with it. By working for Defendant, Plaintiffs demonstrated their assent to the terms of the employment agreements. *See White v. ACell, Inc.* 779 F. App'x 359, 364 (6th Cir. July 8, 2019). Because the parties mutually agreed to the employment relationship and the employment agreement governing it, the Court is required to enforce the arbitration clause in those agreements. Plaintiffs have not shown a lack of a meeting of the minds.

Plaintiffs' "meeting of the minds" argument is related, in part, to Plaintiffs' contention that there is a conflict between the sign-on bonus agreements and the employment agreements. *See* ECF Doc. 47 at 10-12. As already stated, the Court sees no such conflict. The sign-on bonus agreements governed the Plaintiffs' sign on bonuses and Defendant's ability to claw back those advances. Any other employment disputes between the parties were to be governed by the

---

[1] Although not necessary for disposition of the motion to compel arbitration, the Court also notes that, by entering into the employment agreements, Plaintiffs waived their right to bring a collective or representative action against Defendant. See e.g. ECF Doc. 27-3.

employment agreements and the arbitration clause. Plaintiffs have not demonstrated that there was no meeting of the minds.

### D. Superseding Agreement

Finally, Plaintiffs argue that the sign-on bonus agreements superseded the employment agreements. Plaintiffs cite a Tenth Circuit case, *Summit Contractors, Inc., v. Legacy Corner, LLC,* 147 F. App'x 798, 802 (10th Cir. 2005) in which the court denied a motion to compel arbitration because a later contract between the parties contained a forum selection clause and a merger clause. Plaintiffs move this Court to reject the arbitration clause in the employment agreements and enforce the forum selection clause in the sign on bonus agreements instead. But here, the sign-on bonus agreements do not contain merger clauses or any other provisions requiring the Court to give deference to one agreement over the other.

Plaintiffs recognize that Ohio law requires the Court to attempt to construe multiple contracts together. ECF Doc. 47 at 13, citing *Mazzella Lifting Techs, Inc. v. Farmer,* No. 1:16CV395, 2017 U.S. Dist. LEXIS 216808 at *10 (N.D. Ohio Jan. 20, 2017). And here that can be done. The sign-on bonus agreements state they govern only the sign on bonus agreements. The employment agreements govern all other aspects of the parties' employment relationship. This understanding is consistent with the language of the parties' agreements and accepted principles of contract construction.

After reviewing the agreements between the parties, the Court recognizes that there is no contradiction between them. In fact, the Court would have to ignore some of the provisions of the contracts themselves in order to find the conflict argued by Plaintiffs. Because there are no conflicts between the contracts, and the contracts themselves do not require that they merge or be read in conjunction with one another, it is not necessary for the Court to find that one contract

11

superseded the other. Here, the Court is able to give effect to both agreements and the agreements governing Plaintiffs' FLSA claims contain an arbitration clause. Plaintiffs have failed to show that the arbitration clause in their employment agreements should not be enforced.

### IV.  Conclusion

For the reasons stated herein, Defendant's motion to compel arbitration and dismiss is GRANTED. This matter is dismissed without prejudice. Plaintiffs may pursue arbitration as required by their employment agreements.

Dated: December 4, 2023                                         *s/Dan Aaron Polster*
                                                                United States District Judge